FRANCIS A. EFFINGER and wife *v.* LAWSON F. HENDERSON.

1. PAYMENTS, APPROPRIATION OF.—Where a creditor owns two accounts against his debtor, the one due, and the other not due, a payment generally must be appropriated to the account due at the time of payment.
2. STATUTE OF LIMITATIONS.—The statute, Hutch. Code, 831, § 10, which declares that in actions upon accounts, the limitation shall begin to run from the date of the last items in the account, does not apply to accounts for articles sold on a credit, but to accounts due and payable on the day of sale.
3. EVIDENCE: CUSTOM.—It is competent to show by custom of merchants, that when cash is not paid for merchandise at the time of the sale, that the sale is upon credit.

IN error from the Circuit Court, of Madison county. Hon. E. G. Henry, judge.

*F. Smith*, for plaintiffs in error.

*Davis & Hill*, for defendant.

FISHER, J., delivered the opinion of the court.

This was an action, brought by the plaintiff below, in the Circuit Court of Madison county, upon an account for goods, wares, and merchandise, sold and delivered to Mrs. Effinger, then Mrs. Henderson, in the years 1852 and 1853.

It is first insisted, that certain credits which were placed upon the account of 1852, should have been applied to the account of 1853. The proof is, that the accounts were correctly copied from the plaintiff's books, and that he kept correct books, &c., and in this connection it appears that the credits were placed upon the account of 1852. The credits appear to have been entered in January and February, 1853. It further appears that the account of 1853, under the course of dealing between the parties, was not

Effinger and wife *v.* Henderson.

due till the 1st of January, 1854.   Under this attitude of the case, aside from other considerations, the credits were placed where they should have been, on the account of 1852, that being the only claim then due.

Again, it is said that the account of 1853, and the balance due on the account of 1852, were barred by the Statute of Limitations, before the suit was commenced.

The last items in the account of 1853, appear to have been delivered on the 12th day of April, of that year, and the suit was not commenced until July, 1856.

It is true that the statute declares, that in actions upon accounts of this kind, the limitation shall begin to run from the date of the last items in the account.

But this means, that the account must be due and payable on that day, and it cannot be construed to mean accounts for articles sold on credit.   The plaintiff was in time, if he commenced his suit within three years from the time the cause of action accrued; and the account not being due under the course of dealing between the parties, until the 1st day of January, 1854, the statute only commenced running on that day.

It is however said, that there is no evidence except the custom as proved among the merchants, that the goods were sold on credit, as above stated; and that this custom, coming in conflict with the law, cannot prevail.   In answer to this argument, it will be sufficient to remark that there is no law prohibiting a merchant from selling his goods on credit, and that proof of the custom is only intended to show, that unless it is otherwise agreed between the parties, the sale is made on a credit till the 1st day of January thereafter.   The testimony amounts to this, that, prima facie, where cash is not paid at the time for the article, it is sold on a credit until the first day of the following January.

Thus viewing the case, the judgment must be affirmed.